S. AROTZKY, RESPONDENT, v. I. KROPNITZKY, APPELLANT.

Argued February 20, 1923—Decided May 22, 1923.

A bank check given in part payment for a motor vehicle on a sale made in violation of chapter 168 of the laws of 1919 (*Pamph. L.,* p. 357), *held*, unenforceable in the hands of the payee, being a feature of the unlawful sale.

On appeal from the District Court.

Before Justices PARKER, BERGEN and MINTURN.

For the appellant, *Arthur B. Seymour.*

For the respondent, *Philip Klein.*

The opinion of the court was delivered by

PARKER, J. The suit was on a check given in part purchase of an automobile sold and delivered, of which check the maker, appellant, stopped payment. Appellant also counterclaimed for the part of the price actually paid on the ground

that there had been a warranty broken. The trial court held that there had been no warranty, rejected the counter-claim, and gave judgment for plaintiff on the check.

The particular feature of the case is that when the automobile was sold, no bill of sale was delivered with it as required by the act of 1919 (*Pamph. L., p.* 357), which makes it unlawful to sell or purchase any motor vehicle except in the manner and subject to the conditions therein provided, among which are certain requirements for the delivery of a bill or bills of sale which admittedly were not complied with in this case; and which act also makes it a misdemeanor to violate any of the provisions thereof. The trial court was asked, and declined, to nonsuit on the ground that the transaction being an illegal one, no recovery could be had on the check.

We think the refusal to nonsuit was error, as we are unable to distinguish the case in principle from cases arising under the Sunday law, or the Loan Commission act, or on contracts contrary to public policy; in all which the courts, almost without exception, deny a recovery on the promise, although the consideration may have been advanced.

In *Reeves* v. *Butcher,* 31 *N. J. L.* 224, there was a loan of money on Sunday and a note given on that day. Chief Justice Beasley, in an opinion which is one of the landmarks in our jurisprudence, held there could be no recovery on the note without a subsequent express promise to pay it, saying that the effect of the provision in the Sunday law was "to annul every transaction which, if performed on a week day, would be enforceable in a court of justice." This has been followed in numerous cases, of which it is sufficient to cite *Cannon* v. *Ryan,* 49 *Id.* 314, where notice to quit was given on Sunday; and *Brewster* v. *Banta,* 66 *Id.* 367, in which there was a horse trade on Sunday and a note for the agreed difference, which this court refused to enforce, except as against a party who had afterwards expressly promised to pay it, and this on the theory that the prior transaction was sufficient consideration to support such express promise.

*Gregory* ads. *Wilson,* 36 *N. J. L.* 315, was a case in which the statute known as the fifth section of the Usury act was violated. That section (*Comp. Stat., p.* 5706) penalizes the taking of more than one-half of one per cent. a year for procuring a loan. In the Gregory case, there was an illegal charge exacted and paid to one of two brokers, and the other sued for his share. Recovery was denied, the same Chief Justice enunciating the general rule that a court of justice will not lend its aid to the enforcement of a contract, the making of which is prohibited, or which is directed to the accomplishment of any unlawful purpose (*p.* 317).

At common law one precedent is sufficient to illustrate the rule.

In *Sterling* v. *Sinnickson,* 5 *N. J. L.* (2 *South.*) 756, Sinnickson executed a sealed obligation to pay Sterling $1,000 if Sterling were not lawfully married within six months. Sterling remained unmarried for that period and sued on the obligation, but the court said that the promise was illegal as against public policy because in restraint of marriage and that it could not be enforced.

Touching the statute now before us, it is not necessary to search for legislative policy, because the legislature is the judge of its own policy; but it is not far to seek. The act is manifestly intended to discourage and prevent, so far as possible, the sale of stolen motor vehicles, and voids a sale made without compliance with its provisions, much as the common law refuses to recognize a sale of land without the delivery of a deed. More than this, the act penalizes by fine or imprisonment, or both, the violation of its provisions. Consequently, if the courts should undertake to enforce contracts made in such violation, they would be aiding therein and encouraging the very mischief that the act was passed to prevent.

We conclude, then, that the sale in disregard of the act was unlawful and the check arising out of it unenforceable as between the parties hereto. It is suggested that the transaction was not a completed sale, but only a "contract for a

sale;" but as there was a delivery of the property, and it seems to have been kept a year by the purchaser and then resold, we fail to see the force of the suggestion.

The judgment will be reversed.