HENTO, et al., Appellants, v. MELMER, Respondent

(44 N. W.2d 212)

(File No. 9095. Opinion filed October 3, 1950)

**John A. Engel,** Avon, **Ray E. Post,** Tyndall, for Appellants.

**Frank B. Morgan,** Wagner, **James R. Bandy,** Armour, for Respondent.

SICKEL, J.   This is an action brought to recover on a check for $2,300.00 given by defendant for the purchase of a used truck.   Judgment was entered dismissing the action on the merits and plaintiffs appealed.

On January 21, 1948, defendant took possession of the vehicle and delivered the check to plaintiffs.   On the same day the vehicle was placed in a blacksmith shop for the pur-

pose of making some alterations. It was left there until the night of January 23, when fire burned the shop and destroyed the truck. Defendant then stopped payment on the check. It is undisputed that plaintiffs, the vendors, did not deliver to defendant, the purchaser, a South Dakota certificate of title to the truck until about two weeks after the fire. Appellants' brief states the issue as follows: "Did the fact that the plaintiffs and appellants failed to deliver to the defendant and respondent a properly assigned Certificate of Title to the truck sold and delivered, void the sale as matter of law? If the answer to this question is in the affirmative, then the Judgment of the trial Court should be affirmed. If, however, this question is to be answered in the negative, then the plaintiffs and appellants are entitlted to Judgment reversing the Judgment of the learned trial Court."

Chapter 180, Session Laws of 1939, regulates the business of selling used or secondhand motor vehicles. Section 2 of the act provides: "Every person, firm or corporation, upon the sale and delivery of any used or second hand motor vehicle, shall within twenty-four hours thereof deliver to the vendee a certificate of title, endorsed according to law, issued for said vehicle by the secretary of state." Section 3 of the statute declares that: "No action or right of action to recover upon any such motor vehicle, or any part of the sale price thereof, shall be maintained in the courts of this state by any such dealer or vendor, his successors or assigns, in any case wherein such dealer or vendor shall have failed to comply with the terms and provisions of this act, and in addition thereto such dealer or vendor, upon conviction for the violation of any provisions of this act shall be deemed guilty of a misdemeanor * * *." Section 4 defines the terms "used vehicle" or "second hand vehicle".

■ The case of Arotzky v. Kropnitzky, 98 N.J.L. 344, 120 A. 921, was one in which suit was brought on a check given as a part of the purchase price for a motor vehicle sold and delivered. Afterward payment on the check was stopped. The statute required the delivery of a bill of sale and made it unlawful to sell or purchase any motor vehicle except in the manner and subject to the conditions provided

by statute. Failure to comply with the statute was made a misdemeanor. The opinion states the rule as follows: "Touching the statute now before us, is it not necessary to search for legislative policy, because the Legislature is the judge of its own policy; but it is not far to seek. The act is manifestly intended to discourage and prevent, so far as possible, the sale of stolen motor vehicles, and voids a sale made without compliance with its provisions, much as the common law refuses to recognize a sale of land without the delivery of a deed. More than this, the act penalizes by fine or imprisonment, or both, the violation of its provisions. Consequently, if the courts should undertake to enforce contracts made in such violation, they would be aiding therein and encouraging the very mischief that the act was passed to prevent." The court then· concluded that the sale was made in disregard of the act and was unlawful, and that the check given for the purchase price was unenforceable. Cf. San Joaquin Valley Securities Co. v. Prather, 123 Cal.App. 378, 11 P.2d 45; Annotation 37 A.L.R. 1465 IIb, supplemented in 52 A.L.R. 701, 63 A.L.R. 688 and 94 A.L.R. 948.

Here the statute denies the right to recover any part of the sale price of a used or secondhand motor vehicle in case of failure of the vendor to deliver to the purchaser a South Dakota Certificate of Title thereto, endorsed according to láw, within twenty-four hours after delivery of the vehicle to the purchaser. Failure to comply with the provisions of the law or a violation of its provisions, constitutes a misdemeanor. The effect of the statute is to attach to every sale of a used or secondhand motor vehicle a contingent condition subsequent under which the sale may become invalid for failure of the vendor to perform such condition according to law. The language of the statute shows a legislative intention to set aside the general principles of law applicable to the sale of chattels so far as they relate to the sale of used or secondhand motor vehicles, and to establish the exclusive method by which the title to such vehicles may pass from one person to another. Swank v. Moisan, 85 Or. 662, 166 P. 962.

The sale of the motor vehicle by appellants to re-

spondent became invalid and unlawful twenty-four hours after the delivery of the vehicle and therefore appellants cannot recover on the check given for the purchase price.

Judgment affirmed.