# SIDLE, Respondent, v. CHENEY et al., Appellants and Respondents

## (56 N. W.2d 86)

(File No. 9302.   Opinion filed December 8, 1952)

Danforth, Bleeker & Carlson, Mitchell, for Appellants.

Frank Vincent, Alexandria, and R. B. Palmer, Woonsocket, for Plaintiff and Respondent, John H. Sidle.

C. E. Sutcliffe, Alexandria, for Defendants and Respondents, J. H. Sidle, Harold Pitts and C. E. Sutcliffe, as trustees.

Fellows & Fellows, Mitchell, for C. W. McMaster, and other additional Defendants, Respondents.

LEEDOM, J.   This action was brought to foreclose a real estate mortgage.   The trial involved a determination of priority between the mortgage of plaintiff, a mortgage held by certain of the defendants as trustees, and the separate mechanics' liens of other defendants.   The property was a dwelling in the city of Alexandria financed by residents of the community for a doctor as an inducement to get him to settle in the city.   The trial court determined that the dwelling was the doctor's homestead; that plaintiff's mortgage and the mortgage of the trustee defendants, totaling more than five thousand dollars, should have equal' priority over the mechanics' liens as to the first five thousand dollars of value; and that the mechanics' liens constituted first claims against the value in excess of five thousand dollars.   Two of the lien claimants appeal contending that their claims should have priority over the mortgages even as to the first five thousand dollars of value.   Since we fail to find reversible error in any of the assignments we affirm the judgment entered by the trial court.

Since the court found that the property was a homestead at all times material to the issues in the case and

inasmuch as the evidence forms no part of the record we proceed upon the theory that the property had homestead character when the lien claimants first delivered materials on the ground. An intention by the doctor and his wife, existing at the time they ordered the materials, to occupy the property as their home, would make it their homestead as of that time. Jensen v. Griffin, 41 S. D. 30, 168 N. W. 764. Both appellant lien claimants had delivered material to the property and the beginning of the improvement was visible prior to the execution and recording of both mortgages involved. Both the doctor and his wife signed both mortgages. The mortgage held by the respondent trustees was given to secure a loan made to the doctor from a fund raised by popular subscription in the community and administered for the subscribers by the trustees. The mortgage held by the respondent John H. Sidle, who was also one of the trustees holding the other mortgage, secured a loan made by Sidle to the doctor when it became apparent that the popular subscriptions would not adequately finance the construction of the house. The court found the value of the property to be eight thousand dollars. The assignments of error present no question of priority as between the two mortgages nor as between the separate liens of the two appellants.

Appellants contend first that inasmuch as the doctor and his wife disclaimed a homestead interest in the answer filed in their behalf, the trial court should have dealt with the property as if it had never been a homestead, and should therefore have given to the two mechanics' liens priority over the mortgages by virtue of the delivery of material onto the grounds before the mortgages were taken. In view of the disposition we hereafter make of this contention we assume without deciding that the owners did disclaim the homestead rights notwithstanding respondents' claim there was no actual disclaimer because the doctor and his wife did not sign the answer containing the waiver.

Appellants' second contention is that even though the waiver or disclaimer of homestead rights did not give to the lien claimants priority over the mortgages, the liens are prior because of the circumstances of the whole transaction. In this connection appellants argue that inasmuch as the

funds represented by the two mortgages were intended to be used by the trustees for the purpose of paying for the materials that went into the dwelling it became the legal duty of the trustees to so apply the money. An essential element of this contention is the implication that the money evidenced by the mortgages was not actually applied on labor and materials for the house. The contention fails however for the reason the court made no finding that the money was not paid on the improvement. Neither is there anything in the record to indicate that appellants extended credit or looked to anybody other than the doctor for payment of the labor and materials furnished, or had any kind of agreement or understanding that the trustees would be responsible for payment of the amounts due the appellants, or that the mortgagees in any way procured appellants' labor and materials through misrepresentation or unfair dealing. In our opinion Union Central Life Insurance Company v. Cooperative Lumber Company, 51 S. D. 197, 212 N.W. 876, on which appellants rely, does not support their position. The issue in the appeal then can be resolved by the determination of appellants' first contention set out above, that is whether or not the disclaimer or waiver of the homestead rights of the doctor and his wife at the time of the trial gave to appellants' liens a priority over the mortgages that such liens did not have when the debts were incurred by virtue of the homestead character of the property.

In effect appellants are contending that home owners who have permitted rights of third parties to become fixed in order of priority against homestead property under well-established rules of law relating to homesteads, should have the right to change the order of priority of these rights by arbitrarily disclaiming the homestead interest. We think it is quite clear that such a rule would greatly disturb the stability of transactions involving the construction and financing of homes.

Nobody contends that the owner and spouse cannot create a valid encumbrance on homestead property. Such authority is implicit in SDC 51.1703 and this court has recognized validity of such encumbrances in several decisions. If the owner and spouse create valid encumbrances

as they admittedly did in the two mortgages here involved such validity to be substantial must include a fixed status as to priority over other claims. To permit the persons having the homestead right to invalidate a mortgage they previously gave by giving another claim priority would be to permit such homestead owners to abrogate their contracts at will. In Jensen v. Griffin, 32 S. D. 613, 620, 144 N.W. 119, 122, 50 L.R.A.,N.S., 1128, Judge Whiting said:

"Certainly no construction should be placed upon our homestead law that will permit it to be used as an instrument through which a palpable fraud may be committed against a party relying upon conditions as they exist when they contract with the homestead claimant."

It is stated in 40 C.J.S., Homesteads, § 148, p. 608:

"Ordinarily the rights of one obtaining a lien on homestead property must be determined as of the date of the execution of the instrument creating the lien."

The principles thus announced refute appellants' argument. The situation presented here is somewhat analogous to a conveyance of homestead property with claims in existence that would have constituted liens except for the homestead exemption. This court has adopted the rule, now almost universal, that passes such property to the grantee free of the claims notwithstanding the termination of the homestead interest by the voluntary conveyance. Morgan v. Beuthein, 10 S. D. 650, 75 N.W. 204; 40 C.J.S., Homesteads, § 149.

While appellants claim their right to priority over the mortgages by virtue of an express waiver of the homestead right, the same priority would follow any termination of the homestead interest as for instance by abandonment. SDC 51.1714 however expressly preserves the status of liens made or created against the homestead after the property loses its homestead character and in our opinion therefore prohibits in principle everything appellants here seek.

The judgment entered by the trial court is affirmed.
All the Judges concur.