ADAMS v. EVANS.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—PLEADINGS—BRIEFS —HOMESTEAD.

Issue as to "homestead rights" was properly before Supreme Court for decision in widow's suit to set aside deed to late husband and defendants, claimed to be in fraud of her homestead and dower rights, where such rights were claimed in the bill of complaint although not passed upon by the trial judge nor raised in the original briefs filed in the cause.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 246 et seq.
[2] 26 Am Jur, Homestead § 3.
[3, 4] 26 Am Jur, Homestead § 58.
[3, 4] Estate or interest in real property to which homestead claim may attach. 89 ALR 511.
[5] 26 Am Jur, Homestead § 140.

2. HOMESTEAD—CONSTITUTIONAL LAW—STATUTES.
   Homestead rights are governed by both constitutional and statutory provisions (Const 1908, art 14, § 2).

3. SAME—POSSESSION UNDER A LAND CONTRACT.
   A homestead may be claimed in property of which a party is in possession under a contract of purchase.

4. SAME—LAND CONTRACT PURCHASER—COMMON-LAW MARRIAGE.
   Homestead rights of husband in property of which he was the sole land contract vendee at time of common-law marriage were in existence at all times during such marriage, where it was occupied by him and plaintiff as their home after the marriage until his death, and it was impossible for him to convey such homestead without participation by plaintiff.

5. SAME—PURCHASER—SIGNATURE OF BOTH HUSBAND AND WIFE.
   A purchaser seeking to acquire title to land which may be claimed as a homestead acts at his peril if he fails to secure the signature of both husband and wife as the homestead rights are not lost to the survivor who did not sign the instrument of conveyance (Const 1908, art 14, § 2).

Appeal from Wayne; Murphy (George B.), J. Submitted June 8, 1955. (Docket No. 34, Calendar No. 46,529.) Decided October 3, 1955.

Bill by Eleanor Adams against Della P. Evans and Johnnie Adams to set aside a deed of conveyance and to establish dower and homestead rights. Bill dismissed on motion. Plaintiff appeals. Reversed and remanded.

*Meyer R. Rubin,* for plaintiff.

*Alexander Perry* and *Sander Bernstein (James D. Irvine,* of counsel), for defendants.

SHARPE, J. Plaintiff appeals from an order of the trial court dismissing her bill of complaint in which she sought to establish a dower and homestead interest in certain real estate. The essential facts as

claimed in plaintiff's bill of complaint are as follows: On June 9, 1942, plaintiff and her husband, James Adams, jointly purchased a piece of real estate in the city of Detroit under a land contract; that on January 30, 1948, plaintiff was granted a divorce from James Adams, and under a property settlement plaintiff transferred her interest in the property to James Adams; that on January 15, 1949, plaintiff and James Adams entered into a common-law marriage and lived together as husband and wife until the death of James Adams on October 22, 1954; that on May 28, 1951, James Adams had recorded a deed, which deed was to himself, Della Evans, and Johnnie Adams as joint tenants with right of survivorship; that the entire transaction was made to defraud plaintiff of her dower and right of inheritance in and to said property; that she did not learn of the fraud until after the death of James Adams; that on December 3, 1954, defendants served on plaintiff a notice to terminate tenancy on or before January 7, 1955; that she is now in possession of the property and has been continuously in possession since January 15, 1949, and that the deed of conveyance constitutes a cloud upon the title and right of the plaintiff to said property.

The bill of complaint contains the following:

"That the plaintiff further shows unto this Court that the said James Adams, the late husband of the plaintiff never advised her that he had made any change in the ownership of said property to any person or persons whatsoever, but led her to believe constantly after their last marriage agreement that he was still the sole owner of the property in his own name and that it was their homestead."

Upon the filing of plaintiff's bill of complaint, the trial court issued a restraining order enjoining de-

fendants from assigning, transferring, selling or encumbering said real estate.

Defendants filed an answer to the bill of complaint, and at the same time filed a motion to dismiss plaintiff's bill of complaint for failure to state a cause of action. The reasons contained in the motion are, in part, as follows:

"That plaintiff cannot by law claim any interest in and to the property described in said bill of complaint.

"That the interest of James Adams as described in plaintiff's bill of complaint was an interest in a land contract for the purchase of land and as such was not a fee simple estate or estate of inheritance.

"That James Adams having predeceased his joint tenants he was not during his lifetime seized of a fee simple estate or an estate of inheritance.

"Said complaint does not set forth facts sufficient to constitute a cause of action at law or in equity against said defendants, Della P. Evans and Johnnie Adams, or against either of them."

In coming to our decision in this case we have in mind that the property was purchased on a land contract on June 9, 1942; that on January 30, 1948, plaintiff transferred her interest in the land contract to James Adams, and that on May 10, 1951, a deed was given to James Adams, Della Evans and Johnnie Adams with right of survivorship.

In a supplemental brief plaintiff urges:

"This deed described in paragraph 10 of the bill was an alienation of said homestead by the late husband of the plaintiff and contrary to the prohibition of our State Constitution (1908), art 14, § 2. Such a transfer is absolutely void though the person selling the interest is a married man and has only a land contract interest."

We note that the issue of "homestead rights" was not passed upon by the trial judge nor raised in the original briefs filed in this cause, but was claimed in plaintiff's bill of complaint. Under these circumstances, the issue of homestead rights is properly before us for decision.

In Michigan homestead rights are governed by both constitutional and statutory provisions. The Constitution of 1908 provides the following in article 14, § 2:

"Every homestead of not exceeding 40 acres of land and the dwelling house thereon and the appurtenances to be selected by the owner thereof and not included in any town plat, city or village; or instead thereof, at the option of the owner, any lot in any city, village or recorded town plat, or such parts of lots as shall be equal thereto, and the dwelling house thereon and its appurtenances, owned and occupied by any resident of the State, not exceeding in value $2,500 shall be exempt from forced sale on execution or any other final process from a court. Such exemption shall not extend to any mortgage thereon lawfully obtained, but such mortgage or other alienation of such land by the owner thereof, if a married man, shall not be valid without the signature of his wife to the same: Provided, That, notwithstanding anything in this section to the contrary, such mortgage or other alienation of such land shall be valid without the signature of said wife, after 25 years unless within said 25 years from the date of the recording thereof in the office of the register of deeds of the county or counties wherein the property is located, there is filed in said office notice of claim of the invalidity of such mortgage or alienation under this section, excepting that in case of every mortgage or alienation recorded prior to January 1, 1920, said notice of claim may be filed prior to January 1, 1950."

Beginning with *McKee* v. *Wilcox,* 11 Mich 358 (83 Am Dec 743), we held that a homestead may be claimed in property of which a party is in possession under a contract of purchase.

See, also, *Kleinert* v. *Lefkowitz,* 271 Mich 79; *Walker* v. *Woods,* 308 Mich 24; *Irvine* v. *Irvine,* 337 Mich 344.

In the *Irvine Case* we said:

"Homestead rights of husband in property of which he was the sole land contract vendee at time of marriage were in existence at all times during his marriage to plaintiff, where it was occupied by him and plaintiff after the marriage until his death, the fact that an interlocutory decree was issued, which never became final, making it impossible for him to convey the homestead, or any part thereof, to another without the participation therein by plaintiff, even to create a lien in favor of such other person for money loaned to the husband (Const 1908, art 14, § 2; CL 1948, § 623.74)." (Syllabus 5.)

In *Boman* v. *Wolverine Power Co.,* 268 Mich 59, plaintiff's husband conveyed to defendant company the right of flowage to approximately 80 acres of land occupied by plaintiff and her husband. After the death of her husband plaintiff began an action for damages for flowage of the 40 acres of land she had selected as her homestead. In affirming a judgment for plaintiff we said (p 64):

"When a purchaser seeks to acquire title to land which may be claimed as a homestead, he acts at his peril if he fails to secure the signature of both husband and wife. The rights in the homestead are not lost to the survivor of husband and wife, who did not sign the instrument of conveyance."

Under the facts as alleged in plaintiff's bill of complaint, plaintiff and her husband, James Adams, were in possession of the property in question as husband and wife from January 15, 1949, until Oc-

tober 22, 1954, when James Adams died; on January 30, 1948, she conveyed her interest in and to the property to James Adams; on January 15, 1949, she entered into a common-law marriage with James Adams; on May 10, 1951, James Adams took title to the property as joint tenant with Della Evans and Johnnie Adams.

It clearly appears that on May 10, 1951, when James Adams surrendered the land contract in which he alone was the named vendee and received a deed in which he and both defendants were named as vendees, plaintiff was the common-law wife of James Adams. Under the above-cited authority, plaintiff had a homestead interest in the property which could not be disposed of without her signature.

In our opinion the bill of complaint states a cause of action. The decree of the trial court is reversed and remanded to the circuit court of Wayne county for further proceedings.

Plaintiff may recover costs.

CARR, C. J., and BUTZEL, SMITH, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.