RITTER *v.* DERROW MOTOR SALES, INC.

Automobiles—Ownership—Dealers—Ohio—Certificate of Title. Determination by trial court that defendant automobile dealer was owner of car under Ohio law at time it was involved in accident in this State *held,* proper, where the dealer had never given Ohio certificate of title to a previous purchaser of the vehicle, dealer had regained possession of it and sold it to driver but had not yet had the title transferred to such driver, hence, summary judgment for plaintiffs on issue of ownership in actions for damages by reason of personal injuries to plaintiff wife was proper (Page's Ohio Revised Code, § 4505.4).

Appeal from Monroe; Wiepert (William J., Jr.), J. Submitted Division 2 November 4, 1965, at Detroit. (Docket Nos. 295, 296.) Decided December 20, 1965. Rehearing denied January 28, 1966.

Complaint by Ted A. Ritter against Derrow Motor Sales, Inc., an Ohio corporation, Edwin Hasselworth,

---

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobiles and Highway Traffic §§ 30, 37.
Motor vehicle certificate of title or similar document as, in hands of one other than legal owner, indicia of ownership justifying reliance by subsequent purchaser or mortgagee without actual notice of other interests. 18 ALR2d 813.

and Dana K. Reed for injuries sustained in an automobile accident. Summary judgment for plaintiff that defendant Derrow was owner of one of the automobiles at the time of the collision. Defendant Derrow appeals. Affirmed.

*James J. Kelley, Jr.,* for plaintiff.

*Ready & Braunlich (William J. Braunlich, Jr.,* of counsel), for defendant.

QUINN, J. These cases were filed to recover for personal injuries suffered by Ted A. Ritter in a collision of motor vehicles and for incidental loss of consortium suffered by his wife, Marilyn J. Ritter. Plaintiffs and defendant Derrow Motor Sales, Inc., an Ohio corporation, moved for partial summary judgment on the issue of Derrow's ownership of the vehicle involved at the time of the collision. The trial court granted plaintiff's motion and denied Derrow's ruling that the latter was the owner under Ohio and Michigan law at the time of collision. Derrow appeals.

The issue presented by the appeal is precise. Was the trial court correct in its ruling?

The following facts pertinent to decision were agreed to by counsel: August 29, 1958, Derrow sold the vehicle here involved to Reed, who paid nothing down but who executed a promissory note and conditional sales contract for the price of the vehicle. Reed never received certificate of title. He returned the vehicle to Derrow by October 15, 1958, stating he could not pay for it. September 9, 1958, a certificate of title was issued to Reed but Derrow retained it. This certificate was lost or misfiled by Derrow. From October 15, 1958 through October 31, 1958, the vehicle was on Derrow's sales lot.

Derrow's salesman showed it to defendant Hasselworth who drove it and then executed a sales order for it November 1, 1958. Between that date and November 5, 1958, certain repairs were made to the vehicle by Derrow for Hasselworth, and on November 5, 1958, the vehicle was invoiced to Hasselworth, his license plates were attached to it and he was given possession of it. The accident involved in these cases occurred November 6, 1958, while Hasselworth was driving the vehicle in Monroe county, Michigan. November 13, 1958, Derrow made application for and obtained a duplicate certificate of title in Reed's name. The next day Derrow transferred this certificate of title to Derrow. In the application for this transfer, Derrow stated it was the lawful owner having "acquired said motor vehicle by repossession from Reed". November 17, 1958, Derrow caused the certificate of title to be issued to Hasselworth.

To sustain its position that it is not an owner under Ohio law, Derrow relies on Ohio certificate of title act, Page's Ohio Revised Code, § 4505.04, which is as follows:

"No person acquiring a motor vehicle from the owner thereof, whether such owner is a manufacturer, importer, dealer, or otherwise, shall acquire any right, title, claim or interest in or to said motor vehicle until such person has had issued to him a certificate of title to said motor vehicle. * * * No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

(A) By a certificate of title or a manufacturer's or importer's certificate issued in accordance with §§ 4505.01 to 4505.19, inclusive, of the Revised Code;

(B) By admission in the pleadings or stipulation of the parties."

and Ohio adjudications construing the act. Derrow contends this statute, as construed by Ohio courts, makes the issuance or nonissuance of a certificate of title solely determinative of the question of ownership.

If this proposition is accepted as correct, its application here imposes liability on Reed as an owner, even though all concerned admit Reed had nothing to do with the vehicle for more than three weeks before the accident. The trial court refused to reach such an absurd result, and in our opinion, he did so properly. After finding the purpose of the Ohio statute was to prevent the sale of stolen or other unregistered vehicles, the trial court recognized the binding force of Ohio decisions under principles of conflict of laws, but he found that the precise question before him had not been decided by the Ohio courts and stated his opinion as follows:

"This is not quite the situation of any of those cases that have been litigated in Ohio, and the court feels justified in interpreting the controlling law to be that where possession has been retaken, title has, in effect, by operation of law been vested as here in Derrow Motor Sales by taking repossession, and by acting as full and complete owner of the vehicle, the resting place of the paper title is unimportant. The court accordingly grants the plaintiffs' motion for a summary judgment in each case to the extent of finding that Derrow Motor Sales, Inc., was the owner under the Ohio law of the motor vehicle in question at the time of the accident."

As we read the Ohio decisions, the trial court was correct in this statement and his conclusion is supported by *United States Fidelity & Guaranty Company* v. *Trussell* (DC WD Va), 208 F Supp 154, which interpreted a similar statute of Virginia on similar facts exactly as the trial court here interpreted the Ohio statutes.

The trial court is affirmed on its determination that Derrow was an owner under Ohio law at the time of the accident, and we hold summary judgment for plaintiffs was proper on this issue. Having reached this conclusion, it is unnecessary to decide whether Derrow was an owner under Michigan law, and we decline to decide that question. Appellees may recover costs.

LESINSKI, C. J., and WATTS, J., concurred.