**Pamela PAGEL, as Trustee for the Heirs of Wanda J. Arends, decedent, et al., Appellants (C7-88-336), Respondents (C7-88-417)**

v.

**Bradley ECKMAN, Defendant,**

**Roy Buysse, Defendant (C7-88-336), Appellant (C7-88-417),**

**Patrick Seykora, et al., Respondents.**

Nos. C7-88-336, C7-88-417.

Court of Appeals of Minnesota.

Aug. 30, 1988.

R. Stephen Tillitt, Beverly J. Babcock, Gislason, Dosland, Hunter & Malecki, Minneapolis, for Pagel.

Mary C. Cade, David M. Bolt, Rider, Bennett, Egan & Arundel, Minneapolis, for Buysse.

Paul Stoneberg, Christianson, Stoneberg, Giles & Myers, P.A., Marshall, for Seykora.

Heard, considered and decided by NIERENGARTEN, P.J., and FOLEY and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Pamela Pagel, as trustee for the heirs of Wanda J. Arends, appeals from a partial summary judgment dismissing with prejudice appellant's cause of action against Patrick and Lori Seykora. The trial court granted summary judgment after determining that the Seykoras did not own the automobile involved in Arends' death. Pagel argues that the trial court incorrectly applied South Dakota law when it found that the Seykoras had transferred ownership of the automobile to defendant Bradley Eckman, without delivery of the certificate of title. The trial court held that under South Dakota's motor vehicle registration law, ownership of the automobile was transferred to Eckman as a result of payment by him, assumption of control by him, and relinquishment of control by the Seykoras. Pagel seeks summary judgment in her favor, or in the alternative, remand for further discovery and a trial upon the merits. We affirm.

## FACTS

On January 27, 1984, Wanda Arends was killed when her automobile was rear-ended by defendant Bradley Eckman and pushed into the path of an on-coming semi-tractor driven by defendant Roy Buysse. Eckman was driving a 1976 Ford Pinto station wagon.

On the evening before the accident, Eckman had purchased the Pinto from respondents Patrick and Lori Seykora for $350. At that time, the Seykoras surrendered the automobile and keys thereto. A note on the bill of sale indicated that title would be delivered within one week. Eckman cleaned the car inside and out, added antifreeze and otherwise prepared the car for a trip to Mora, Minnesota. He did not insure the vehicle. The Seykoras' insurance continued to provide coverage on the vehicle until approximately one week after the sale.

On the day of the accident, Lori Seykora deposited the funds received from Eckman in the couple's bank account and mailed a check for the balance owed to the lienholder, General Motors Acceptance Corporation (GMAC). GMAC received the check from the Seykoras on January 30, 1984. The corporation executed the release of its lien and mailed the certificate of title to the Minnehaha County Register of Deeds,

which received the title on February 6, 1984. The register of deeds discharged the lien and mailed title to the Seykoras on February 6, 1984. They received it on February 7 and either mailed it or delivered it to Eckman's place of employment in Sioux Falls. There is at least one reference in the record to the possibility that Eckman did not actually receive the certificate of title until one month after the sale, and appellant's attorney requested permission to depose the Seykoras on that question, prior to the court's ruling on the summary judgment motion. That request was denied.

With the exception of that one question, the facts are not at issue here. The sole question is whether, under South Dakota law, ownership of the Pinto had transferred to Eckman at the time of the accident. The trial court found that it had and granted the Seykoras' motion for summary judgment. From that dismissal, Pamela Pagel and Roy Buysee now appeal.

## ISSUE

Under South Dakota law, may ownership of a motor vehicle be transferred prior to the delivery of title?

## ANALYSIS

### I

Summary judgment is appropriate where no material question of fact exists and one party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.05.

Due to the unusual fact situation in this case, the laws of two different states are applicable. The parties agree that Minnesota law is controlling on the issue of liability and South Dakota law is controlling on the issue of ownership.

Minnesota's Safety Responsibility Act provides:

> Whenever any motor vehicle shall be operated within this State, by any person other than the owner, with the consent of the owner, express or implied, the opera-

tor thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof.

Minn.Stat. § 170.54 (1984). South Dakota has no comparable statute.

South Dakota's motor vehicle registration act states that:

> No person, except as provided in § 32-3-6 shall sell or otherwise dispose of a motor vehicle * * * without delivering to the purchaser or transferee thereof a certificate of title with such assignment thereon as may be necessary to show title in the purchaser * * *.

S.D. Codified Laws Ann. § 32-3-5 (1984).

A corresponding section deals with the buyer's interest in the transaction:

> No person, except as provided in this chapter[,] obtaining or getting possession of a motor vehicle * * * shall acquire any right, title, claim, or interest * * * until he shall have had issued to him a certificate of title to such motor vehicle * * *.

S.D. Codified Laws Ann. § 32-3-10 (1984).

The time allowed for delivery of title is established by law.

> Every person * * * upon the sale and delivery of any used or second-hand motor vehicle, shall within fifteen days[1] thereof deliver to the vendee a certificate of title, endorsed according to law, issued for said vehicle by the department of commerce and regulation or the former commissioner of motor vehicles. A violation of this section is a Class 2 misdemeanor.

S.D. Codified Laws Ann. § 32-3-7 (1984).

In construing the meaning of individual provisions, the statute must be read as an integrated document. The statute labels the certificate of title as "evidence or indicia of ownership," S.D. Codified Ann. § 32-3-11; permits those without certificates of title to prove ownership and thereby obtain title, S.D. Codified Ann. § 32-3-24, 32-3-5, 32-3-6; and permits those who have lost title to "prove" owner-

---

1. Previously, a seller could not recover the sale price of a vehicle unless the certificate of title had been delivered within 24 hours of the sale.

*See Hento v. Melmer,* 73 S.D. 455, 44 N.W.2d 212 (1950).

ship and have a new certificate issued, S.D. Codified Ann. § 32–3–20; all of which seem to imply that the language of § 32–3–5 is not absolute or exclusive.

Under the statute, certificates of title are delivered or mailed to the lien holders in order of priority or, if there are no lien holders, then to the owner. S.D. Codified Ann. § 32–3–28. Obviously then, if lien holders are in actual possession of certificates of title, sellers of encumbered vehicles are unable to turn over title at the time of sale (hence the 15 day "grace period"). Failure to deliver title within that time is a Class 2 misdemeanor. S.D. Codified Ann. § 32–3–7.

The registration statute was apparently designed to thwart automobile theft and fraud. *Industrial Credit Co. v. Billion Motors*, 74 S.D. 612, 57 N.W.2d 523, 525 (1953). It was not intended to establish financial responsibility in the event of an accident.

The trial court determined that:

[t]he only reasonable interpretation of this statute is * * * that ownership of the motor vehicle is complete upon the sale and delivery of the vehicle to the vendee and not at a later time and that the 15 days is allowed for a vendor to obtain a certificate of title which under the laws in South Dakota is retained by the secured lien holder and not immediately available for delivery to the vendee.

The trial court further found that § 32–3–11 created a rebuttable presumption of ownership in the title holder and that the failure of the seller to deliver title with the statutorily prescribed time did not defeat ownership of the buyer, but did expose the seller to criminal sanctions under § 32–3–7. We agree with the trial court's interpretation of this statute.

None of the parties have been able to cite any South Dakota case dispositive of this issue, nor have we been able to locate any. Other jurisdictions have addressed similar problems. *See Ritter v. Derrow Motor Sales, Inc.*, 2 Mich.App. 116, 138 N.W.2d 489 (1965). *See also United States Fidelity & Guaranty Company v. Trussell, et al.*, 208 F.Supp. 154 (D.C.1962) (District of Columbia court construing a Virginia statute).

In *Ritter* the Michigan Court of Appeals was construing an Ohio title registration act similar to that of South Dakota which provided that no one could obtain any "right, title, claim or interest in any vehicle until title is issued." Michigan has a safety responsibility act similar to Minnesota's. The Michigan Court of Appeals determined that when one repossesses a vehicle and acts as full and complete owner, "the resting place of the paper title is unimportant." *Id.* at 490 (quoting the language of the trial court). In *Ritter*, as here, all the defendants agreed that the person listed as the owner on the title at the time of the accident actually had relinquished all control over the vehicle prior to the accident. *Id.*

In the present case, the trial court's interpretation of South Dakota's title registration statute harmonizes the various provisions of the statute. It is also consistent with Minnesota's Safety Responsibility Act.

The Minnesota Supreme Court has decided that extrinsic evidence may be used to rebut the presumption of ownership created by the certificate of title. *Welle v. Prozinski*, 258 N.W.2d 912, 916 (Minn. 1977). The court's decision also permits a seller who has failed to comply with the statute to introduce extrinsic evidence to avoid vicarious liability. *Id. See also Arneson v. Integrity Mutual Insurance Company*, 344 N.W.2d 617 (Minn.1984). The Minnesota Safety Responsibility Act itself creates a rebuttable presumption of ownership in the titleholder. The purpose of the act is not hindered by the trial court's interpretation of South Dakota law.

The Seykoras have established conclusive and uncontradicted evidence that they ceased ownership of the Pinto station wagon on January 26, 1984 when they accepted payment from Eckman and relinquished control to him.

Eckman considered himself to be the owner of the vehicle when he assumed control of the car. Whether or not he

actually received the certificate of title within the time period prescribed by statute is immaterial to the question of ownership.

## DECISION

As no genuine issue of fact existed on the question of ownership the trial court was correct in dismissing the Seykoras from appellants' cause of action.

Affirmed.