BARNETT, Appellant, v. STEWERT, et al, Respondents.

(268 N. W. 425.)

(File No. 7914. Opinion filed July 11, 1936.)

*Tom Kirby*, of Sioux Falls, for Appellant.
*Denu, Philip & Leedom*, of Rapid City, for Respondents.

WARREN, J. This is an action brought for the purpose of enjoining the defendants from accepting, approving, or filing any bonds issued by the Central West Mutual Insurance Corporation of Yankton, S. D., the intervener. The parties entered into a stipulation of facts which are concise and not lengthy, and we feel that certain portions of the stipulated facts will throw light on the matters in controversy. We quote certain excerpts from appellant's brief:

"That the Central West Mutual Insurance Corporation of Yankton, South Dakota, the intervening defendant, is a corporation organized under and by virtue of chapter 267 of the Session Laws of 1921, of the State of South Dakota, * * *.

"That the defendants herein, Frank Siewert, Walter Conway and Joe V. Ryan, as members of the Liquor Control Commission,

and Walter Conway as Attorney General of the State of South Dakota, are, under the provisions of chapter 134 of the Session Laws of 1935, charged with the duty of examining, passing upon, approving, or disapproving, all bonds required to be furnished under and by virtue of said law.

"That the defendants, Frank Siewert, Walter Conway and Joe V. Ryan, comprising the Liquor Control Commission of the State of South Dakota, and Walter Conway, Attorney General of the State of South Dakota, have threatened to and will, unless enjoined by the Court, examine, pass upon, approve and file, bonds required to be furnished by chapter 134 of the Session Laws of 1935, executed by the intervenor, Central West Mutual Insurance Corporation, of Yankton, South Dakota * * *."

Counsel in their briefs have pointed out certain law issues that they desire to have this court decide, which are as follows:

"Whether that part of chapter 134, of the Laws of 1935, which in effect, provides that the surety bonds required by said Act shall be written by 'a corporate surety company which has complied with the provisions of article 1, chapter 5, part 19, of title 6, of the South Dakota Revised Code for the year 1919,' which bond shall be in a form to be approved by the Attorney General, is constitutional as regards the intervenor, Central West Mutual Insurance Corporation, of Yankton, South Dakota, or whether said provision of chapter 134, of the Session Laws of 1935, violates the rights of the intervenor under section 18, article 6, of the Constitution of the State of South Dakota, and section 1, of the Fourteenth Amendment of the Constitution of the United States.

"Whether the Central West Mutual Insurance Corporation, of Yankton, South Dakota, by reason of its organization under chapter 267 of the Session Laws of 1921, of the State of South Dakota, is included within the provisions of article 1, chapter 5, part 19, of title 6, of the South Dakota Revised Code of 1919, and whether such inclusion is a substantial compliance under the provisions of chapter 134, of the Session Laws of 1935.

"Whether the title to chapter 134, of the Session Laws of 1935, 'An Act Providing for the Manufacture, Sale and Distribution of Intoxicating Liquor, and for the Control and Supervision thereof, and Repealing Existing Laws in Conflict herewith, and

Declaring an Emergency,' is a sufficient designation by title to authorize that part of section 19, of chapter 134, of the Laws of 1935, which provides 'Which said surety bond shall be written by a corporate surety company, which has complied with the provisions of Article 1, Chapter 5, Part 19, of Title 6, of the South Dakota Revised Code for the year 1919,' or whether such provision in said section 19 is an attempt to legislate and regulate companies issuing surety bonds, and is therefore in violation of section 21 of article 3, of the State Constitution of the State of South Dakota.'

The trial court made findings and conclusions and a judgment in favor of the defendants and intervener. Appellant has appealed from the judgment entered therein and the order denying motion for a new trial. (Intervening respondent is alone in filing a written brief and arguing orally in this court.)

■ The title of the act chapter 134 of the Session Laws of 1935 is attacked because there is no reference to the surety bonds and the requirements thereof in the title of the act. The title reads, "An Act Entitled, An Act Providing for the Manufacture, Sale and Distribution of Intoxicating Liquor, and For the Control and Supervision Thereof, and Repealing Existing Laws in Conflict Herewith, and Declaring an Emergency." The title seems quite broad, and if the Legislature had authority to require a license and the posting of a bond, it seems fair to say that it would have authority to include a provision in the body of the act as to who might act as surety. That the Legislature had such power seems quite plain because of the language therein contained, "for the Control and Supervision" (of intoxicating liquor). An examination of the body of the act in conjunction with the title leads us to believe that the title is sufficient and that the Legislature by said act did not intend to and is not attempting to legislate or regulate companies issuing surety bonds, but merely exercised their prerogative in stating who might be accepted as a surety on liquor license bonds.

■ Chapter 134, Laws of 1935, is also attacked upon the grounds that it makes an unconstitutional discrimination amongst surety companies. The intervening respondent contends that section 19 of chapter 134, Laws of 1935, was in violation of the con-

stitutional rights of respondent guaranteed by section 18, of article 6, of the Constitution of the State of South Dakota, and section 1 of the Fourteenth Amendment of the Constitution of the United States, in that it was an unfair discrimination against the respondent insurance corporation. These two constitutional provisions, commonly called the "privileges and immunities" provisions, provide, and the courts have generally interpreted them to mean, that it shall be unfair and unconstitutional for the Legislature to pass any law granting privileges or immunities to one individual while excluding other individuals of the same class from like privileges or immunities. However, it has been uniformly held by all courts that there may be discriminations between different classes or groups of individuals even though there can be no discrimination between the individual members of one class. The real question to be decided, then, is whether section 19 of chapter 134, Laws of 1935, discriminates between different classes or groups, or between different individuals of the same class or group.

 It is the contention of the intervening respondent that surety companies organized under article 1, chapter 5, part 19, of title 6, of the South Dakota Revised Code for the year 1919 (section 9386 et seq.), and mutual insurance companies, doing a surety business, organized under chapter 267, Laws of 1921, are substantially the same, and fall naturally and legally into the same class or group. If this contention be true, then this court must either decide that section 19 of chapter 134, Laws of 1935, is unconstitutional because it is an unfair discrimination between individual members of the same class of surety companes, or that said section is constitutional and that companies organized under the 1921 law have substantially complied with the sections of the 1919 Revised Code sufficiently to bring them within the group intended by the Legislature when it said that the bonds required by chapter 134, Laws of 1935, should be written by "* * * a corporate surety company which has complied with the provisions of article 1, chapter 5, part 19 of title 6 of the South Dakota Revised Code for the year 1919 * * *."

The 1919 Revised Code provided for the organization of "stock" surety companies, while chapter 267, Laws of 1921, provided for the organization of mutual insurance companies who

were authorized to do a surety bond business. That there is a difference between "stock" companies and "mutual" companies has been recognized by the United States Supreme Court in the case of German Alliance Ins. Co. v. Lewis, 233 U. S. 389, 34 S. Ct. 612, 621, 58 L. Ed. 1011, L. R. A. 1915C, 1189. We quote from that opinion as follows: "There are certainly differences between stock companies, such as complainant is, and the mutual companies described in the bill, and a recognition of the differences we cannot say is outside of the constitutional power of the legislature." In the opinion of this court, there is a difference between the "stock" surety companies organized under article 1, chapter 5, part 19, of title 6, of the South Dakota Revised Code for the year 1919, and the "mutual" insurance companies organized under chapter 267, Laws of 1921. Unquestionably the Legislature has the constitutional power to recognize such difference and make separate provisions for each class of companies. The reasons the Legislature may have had for providing that the bonds required by chapter 134, Laws of 1935, were to be written only by "stock" surety companies, are no concern of this court. It is enough to state that the Legislature did so provide, and in so providing was within its constitutional power and did not discriminate unjustly or unconstitutionally against the mutual insuraance companies. It cannot be said that section 19 of chapter 134, Laws of 1935, took away any privilege existing in favor of surety companies, either "mutual" or "stock," prior to the enactment of the present 1935 law, as neither class of companies had the privilege to write this particular type of bond due to the fact that such bonds were not required before the enactment of chapter 134, Laws of 1935.

■ The intervening respondent also contends that mutual insurance companies organized under chapter 267, Laws of 1921, have substantially complied with the provisions of article 1, chapter 5, part 19, of title 6, of the South Dakota Revised Code for the year 1919, and that such compliance is sufficient to bring them within the group that the Legislature intended should write these particular surety bonds. In view of the fact that this court is of the opinion that there is a difference between these "mutual" insurance companies and "stock" surety companies, and that the

Legislature has the constitutional power to recognize such difference, we cannot agree with the contention of the intervening respondent that companies organized under chapter 267, Laws of 1921, have substantially complied with the provisions of article 1, chapter 5, part 19, of title 6, of the South Dakota Revised Code for the year 1919, sufficiently to bring them within the provisions of section 19 of chapter 134, Laws of 1935.

The judgment and order appealed from are reversed, and the cause remanded for such further proceedings as may be necessary, in harmony with this decision.

POLLEY, P. J., concurs.

CAMPBELL, ROBERTS, and RUDOLPH, JJ., concur in result.