ACCOUNTS MANAGEMENT, INC.,
Plaintiff and Appellee,

v.

Bill A. WILLIAMS, Defendant
and Appellant,

v.

JOHN MORRELL AND CO., Garnishee.

No. 17370.

Supreme Court of South Dakota.

Considered on Briefs Sept. 9, 1991.

Decided April 15, 1992.

Mark Moreno of Schmidt, Schroyer, Colwill & Moreno, Pierre, for plaintiff and appellee.

Matthew R. Metzger of East River Legal Services, Sioux Falls, for defendant and appellant.

HENDERSON, Justice.

## PROCEDURAL HISTORY

This is an appeal from an Order dated October 1, 1990, of the Fifth Judicial Circuit, Minnehaha County, the Honorable Judge Richard D. Hurd presiding. This Order denied Appellant Williams' (hereinafter Williams) Amended Answer and Claim of Exemptions and sustained Appellee Account Management's (hereinafter Garnishor) Objection to the Claim of Exemptions. All litigation/appeal flows from an attempt to collect a medical bill.

Williams filed a Notice of Appeal with the Clerk of Courts for Minnehaha County on November 30, 1990. Jurisdiction is invoked pursuant to SDCL 15–26A–3(5).

## ISSUES/HOLDING

On appeal, Williams raises the following issues, which are divided into three parts for purposes of our decision:

I. That SDCL 43–45–14 and SDCL 21–18–53 violate Article VI, Section 18 of the South Dakota Constitution.

II. That SDCL 43–45–14 and SDCL 21–18–53 violate Article XXI, Section 4 of the South Dakota Constitution.

III. That House Bill 1344 (1990 S.D. Sess. Laws, Ch. 157) violates Article III, Section 21 of the South Dakota Constitution. We deny these constitutional challenges and affirm on all issues.

## FACTS

This action was brought by Garnishor, seeking garnishment of Williams' wages and salary while he was an employee of John Morrell and Company. Garnishor commenced this action on September 26, 1989, seeking to collect $4,643.11 owed to McKennan Hospital for medical services. In the principal lawsuit, garnishor served Williams with a Summons and Complaint which Williams failed to answer. A Default Judgment was entered against him on November 7, 1989, in the amount of $4,703.61. Garnishor commenced garnishment proceedings (the ancillary proceeding) after Service of Notice of Entry of the Judgment and issuance of Execution of same. In response, Williams filed an Answer and Claim of Exemptions. In this document, Williams asserted that he was head of a household and that all his personal property, not absolutely exempt by law, totaled $691.30 in value, which included $67.80 of his weekly earnings. The trial court later allowed Williams to file an Amended Answer and Claim of Exemptions claiming that SDCL 43–45–14 and SDCL 21–18–53, derived from House Bill 1344 (1990 S.D. Sess. Laws Ch. 157) of the 1990 Legislative session, were unconstitutional. Garnishor replied by filing an Objection to Williams' Claim of Exemptions. Trial court denied Williams' Claim of Exemptions and sustained Garnishor's objection to Williams' Claim of Exemptions. From this ruling, Williams appeals.

Because of the effect of SDCL 43–45–14 and SDCL 21–18–53, Williams may not claim earnings as additional personal property exemptions by the fact that Williams is a wage earner. Non-wage earners, who are a head of a household and have person-

al property of substantial value, can receive the entire $4,000 personal property exemption.

## DECISION

I. *Do SDCL 43–45–14 and SDCL 21–18–53 violate Article VI, Section 18 of the South Dakota Constitution?* We hold that they do not.

We briefly review the history of SDCL 43–45–14 and SDCL 21–18–53. In 1986, the South Dakota Legislature passed House Bill 1347 (1986 S.D. Sess. Law, ch. 361), thereby amending an earlier version of SDCL 43–45–4. This amendment provided:

> In addition to the property provided for in § 43–45–2 and 43–45–3, the debtor, if the head of a family, may, by himself, his agent or attorney, select from all other of his personal property, not absolutely exempt, goods, chattels, merchandise, money, or other personal property not to exceed in the aggregate four thousand dollars in value; and, if a single person, not the head of a family, property as aforesaid of the value of two thousand dollars, which is also exempt and which shall be chosen and appraised as provided by law. For the purpose of wage garnishment and state tax debt, the debtor may, if the head of a family, exempt fifteen hundred dollars of money or property, or, if a single person, exempt six hundred dollars of money or property.

This amendment raised the amount of the personal property exemption from fifteen hundred dollars to four thousand dollars for debtors who are head of a family; and, additionally, from six hundred dollars to two thousand dollars for single person debtors. This amendment also limited the property exemptions for "head of family" debtors to fifteen hundred dollars and for single person debtors to six hundred dollars in wage garnishment and tax debt matters.

However, in the 1990 legislative session, SDCL 43–45–4 was again amended, whereupon the reference to wage garnishments in the 1986 amendment to SDCL 43–45–4 was deleted. In addition, House Bill 1344 added a new section to SDCL ch. 21–18 and ch. 43–45 at subsections 53 and 14, respectively. This new section provides:

> The earnings of a debtor are exempt from process or levy only to the extent provided in § 21–18–51 and 21–18–52.

1990 S.D. Sess. Laws, ch. 157 § 5 and 9. Therefore, this bill restricted debtors to exempt their earnings only to the extent provided in § 21–18–51 and § 21–18–52.

■ We reiterate the well-known principles of review by which this Court is bound in considering the constitutionality of any act of the Legislature. Any legislative act is accorded a presumption in favor of constitutionality and that presumption is not overcome until the unconstitutionality of the act is clearly and unmistakably shown and there is no reasonable doubt that it violates fundamental constitutional principles. *See, In re Request for Opinion of Supreme Court,* 379 N.W.2d 822, 825 (S.D. 1985); *McMacken v. State,* 320 N.W.2d 131, 133 (S.D.1982); *South Dakota Ass'n. etc. v. State,* 280 N.W.2d 662, 664–65 (S.D. 1979). The constitutional question which we first consider is whether Article VI, § 18 of the South Dakota Constitution prohibits the provisions of SDCL 43–45–14 and SDCL 21–18–53.

Since Williams challenges the constitutionality of SDCL 43–45–14 and 21–18–53, he bears the burden of proof that they violate a state constitutional provision. *McMacken,* 320 N.W.2d at 133.

Williams contends that SDCL 43–45–14 and SDCL 21–18–53 in their present form and as applied to him, unconstitutionally discriminate between debtors who have earnings and those who do not, in violation of Article VI, § 18 of the South Dakota Constitution. This section declares that "[N]o law shall be passed granting to any citizen, class of citizens or corporations, privileges or immunities which upon the same terms shall not equally belong to all citizens or corporations."

In determining whether these statutes comport with Article VI, § 18 of the South Dakota Constitution, we employ a two part test which has been traditionally used by this Court when a statute has been called

into question because of an alleged denial of equal protection of the laws. The test that we espoused in *City of Aberdeen v. Meidinger*, 89 S.D. 412, 233 N.W.2d 331, 333 (1975) is as follows:

> The first part of the test is whether the statute does set up arbitrary classifications among various persons subject to it.
>
> The second part of the test is whether there is a rational relationship between the classification and some legitimate legislative purpose.

*See, South Dakota Physicians Health Group v. State*, 447 N.W.2d 511, 515 (S.D. 1989); *Lyons v. Lederle*, 440 N.W.2d 769, 771 (S.D.1989); *Sedlacek v. S.D. Teener Baseball Program*, 437 N.W.2d 866, 869 (S.D.1989). Therefore, we view this classification in the light of the traditional test of reasonableness as opposed to strict scrutiny, there being no fundamental right or suspect classification present.

■ Applying the first prong, we look to see if the statute applies equally to all people. *Lyons*, 440 N.W.2d at 771. It is apparent that SDCL 43–45–14 and SDCL 21–18–53 do set up classes of debtors for garnishment exemption purposes. SDCL 43–45–14 and 21–18–53 do not apply equally to all debtors on their face. However, the fact that the state has distinguished between debtors in such a manner does not render the classification unreasonable or arbitrary. A statute will not be declared invalid "unless it is 'patently arbitrary' and bears no rational relationship to a legitimate governmental interest." *South Dakota Physicians Health Group v. State*, 447 N.W.2d 511, 515 (S.D.1989) (quoting *Frontiero v. Richardson*, 411 U.S. 677, 684, 93 S.Ct. 1764, 1768, 36 L.Ed.2d 583, 589 (1973)). Arbitrary is defined as follows: "In an unreasonable manner as fixed or done capriciously or at pleasure. Without adequate determining principle." Black's Law Dictionary, (6th Ed.1990).

■ We do not find this classification of debtors to be patently arbitrary nor unreasonable. The two classes of debtors are not economically postured in the same stance. Article VI, § 18 provides, in part, that "[N]o law shall be passed granting ... privileges or immunities, *which upon the same terms* shall not equally belong to all citizens...." (Emphasis supplied). This constitutional provision prohibits classification between individuals that are "upon the same terms,"; it does not prohibit the Legislature from making classifications based upon differences in "terms" surrounding individuals. In other words, there may be disparate treatment between different classes of individuals, subject, however, to express constitutional classifications, though there can be no discrimination between the members of one class. *See, Barnett v. Siewert*, 64 S.D. 507, 511, 268 N.W. 425, 427 (1936); *see generally, Roden v. Solem*, 411 N.W.2d 421 (S.D.1987); *Matter of Certain Territorial Electrical Boundaries (Mitchell Area) F-3105*, 281 N.W.2d 65, 71 (S.D.1979). Thus, the classification which SDCL 43–45–14 and 21–18–53 creates, survives the first prong of the test.

■ The second prong of the test is whether there is a rational relationship between the classification and some legislative purpose. We are concerned with the constitutionality of an act. We will not intervene as long as there is a rational relationship between the legislative purpose and the classification, subject however, to any express constitutional classification. *Morrill v. Wollman*, 271 N.W.2d 356, 358 (S.D.1978); *McDonald v. School Bd. of Yankton*, 90 S.D. 599, 605, 606, 246 N.W.2d 93, 96, 97 (1976); *Behrns v. Burke*, 89 S.D. 96, 229 N.W.2d 86 (S.D.1975). We will not freely substitute our judgment for that of the Legislature. *See, Behrns, supra; McMacken, supra.* In determining the purpose of the Legislature, we note that in 1990 the maximum amount subject to garnishment was amended in SDCL 21–18–51. This amendment increased the amount of the exemption for an individual from garnishment of weekly aggregate disposable earnings. We also note that a loophole existed in SDCL 43–45–4 which would have allowed many individuals, subject to garnishment, with earnings to exempt much, if not all, of their earnings from garnishment as additional personal

property exemptions. The effect of these considerations would have been very favorable to individuals subject to garnishment. It appears the Legislature wished to balance the treatment of creditors and debtors. It did not intend that debtors fully escape debts justly created by contract. This is a legitimate governmental purpose. We cannot say that the relationship between the purpose of revising garnishment proceedings to balance the treatment and the classification effected to not be rationally related. Here, the Legislature distinguished wages from other property. The amount of exemptions, and their character, is the function of the Legislature. Exemptions are *statutorily created.* They are not classifications created by the Constitution. Here, the Legislature was not trying to change express constitutional provisions or classifications. Generally speaking, principles of construction applicable to statutes are also applicable to our state constitution, but not to the extent of defeating the purposes for which a constitution is drawn. *Egbert v. City of Dunseith,* 74 N.D. 1, 24 N.W.2d 907, 909 (1946); *S.D. Auto Club, Inc. v. Volk,* 305 N.W.2d 693 (S.D.1981). The fact that wages are differentiated from other property makes the statute no more irreconcilable than other statutes which exempt homesteads, Bibles, etc. As concerns Article VI, Section 18, SDCL 43–45–14 and SDCL 21–18–53 pass constitutional scrutiny.

II. *Do SDCL 43–45–14 and SDCL 21–18–53 violate Article XXI, Section 4 of the South Dakota Constitution?* We do not consider this issue because the issue was improperly raised for the first time on appeal.

On appeal, Williams raises the question of whether SDCL 43–45–14 and SDCL 21–18–53 are constitutional under Article XXI, § 4 of the South Dakota Constitution. We refuse to consider this constitutional question at this time. The issue was not brought before the trial court but is raised for the first time on appeal.

■ We have consistently held that the constitutionality of a statute cannot be raised for the first time on appeal. *Sharp v. Sharp,* 422 N.W.2d 443 (S.D.1988); *Carr v. Core Industries,* 392 N.W.2d 829 (S.D. 1986); *Bayer v. Johnson,* 349 N.W.2d 447 (S.D.1984). However, this is merely a rule of procedure and not of jurisdiction. This Court has discretion to disregard the general rule and decide constitutional issues when faced with a compelling case. *Sharp,* 422 N.W.2d at 445. We held that this Court *may, in its discretion,* decide to consider a constitutional issue raised for the first time on appeal, "because the question is a matter of considerable importance to the public policy of the state." *Sharp,* 422 N.W.2d at 446. While we decided that the constitutional issue in *Sharp* was a matter of considerable public importance, we adhered to the general rule of not reviewing the issue of the constitutionality of a statute raised for the first time on appeal, because the issue was not "a matter of existing emergency." *Sharp,* 422 N.W.2d at 446. Though the issue before this Court is one of some import, we decline to consider the constitutional issue at this time. This is not a matter of existing emergency to the public policy of the state. We adhere to the general rule that the constitutionality of a statute cannot be raised for the first time on appeal, subject to our previous declaration.

III. *Does 1990 S.D. Sess. Laws, ch. 157 (House Bill 1344) violate Article III, Section 21 of the South Dakota Constitution by embracing more than one subject in the body of the bill?* We hold that it does not.

■ Williams asserts that House Bill 1344 (H.B. 1344) is violative of Article III, Section 21 of the South Dakota Constitution. Article III, Section 21 states: "No law shall embrace more than one subject, which shall be expressed in its title." The title of H.B. 1344 is: An Act to revise certain provisions relating to garnishment. Williams contends that the substance of H.B. 1344 covers three subjects, not simply the one referred to in its title—garnishment. He maintains that two other subjects, levy and exemptions from process, are improper additions to H.B. 1344.

We do not agree. H.B. 1344 satisfies constitutional standards. Our rationale immediately follows.

Article III, Section 21 of the South Dakota Constitution has three purposes:

(1) To prevent the combining into one bill of several diverse measures which have no common basis except, perhaps, their separate inability to receive a favorable vote on their own merits;

(2) To prevent the unintentional and unknowing passage of provisions inserted in a bill of which the title gives no intimation; and,

(3) To fairly apprise the public of matters which are contained in the various bills and to prevent fraud or deception of the public as to matters being considered by the Legislature. *See, South Dakota Physicians Health Group v. State,* 447 N.W.2d 511, 513 (S.D.1989); *Kanaly v. State By and Through Janklow,* 368 N.W.2d 819, 827 (S.D.1985); *South Dakota Ass'n. of Tobacco and Candy Distributors v. State,* 280 N.W.2d 662, 665 (S.D.1979). We have interpreted Section 21 to contain two requirements: " 'First, that no law shall embrace more than one subject, and second, that the subject shall be expressed in the title.' " *S.D. Physicians,* 447 N.W.2d at 513 (quoting *Kanaly,* 368 N.W.2d at 827). The requirements of this provision are mandatory. *S.D. Physicians,* 447 N.W.2d at 513. *State v. Morgan,* 2 S.D. 32, 43, 48 N.W. 314, 318 (1891).

Williams specifically cites sections 5, 8 and 9 of H.B. 1344 as containing the improper subject additions. Sections 5 and 9 of H.B. 1344 amend the extent by which a debtor's earnings are exempt from process or levy as provided by SDCL 21–18–51 and 21–18–52, which involve garnishment proceedings. Section 8, which amends the maximum personal property exemptions for earners, also amends SDCL 43–45–4 by deleting the reference to wage garnishments in that section. Williams contends that these amendments contained in H.B. 1344 are improper since they involve subject matters completely different than the subject referred to in the title—garnishment; hence, he argues, unconstitutional because they do not fairly apprise the public that earnings are going to be eliminated as an additional personal property exemption.

The provision of Article III, section 21, creates two mandates which we must apply to test the constitutionality of H.B. 1344. To the extent that no law shall embrace more than one subject, the "subject" is defined as the public or private concern for which the law is enacted and all provisions of the Act must (1) relate directly to the same subject, (2) have a natural connection, and (3) not be foreign to the subject as stated in the title. *Meierhenry v. City of Huron,* 354 N.W.2d 171, 182 (S.D.1984).

In a line of cases led by *State v. Morgan,* 2 S.D. 32, 48 N.W. 314 (1891), this Court held that while the subject must be single, the provisions to accomplish the objective of an act may be multifarious. *Kanaly,* 368 N.W.2d at 828; *Independent Community Bankers Ass'n. v. State,* 346 N.W.2d 737, 741 (S.D.1984); *McMacken, supra; S.D. Ass'n., supra.* There is no restriction on the scope of a single subject provided it is encompassed by the title. Sound policy and legislative convenience dictate a liberal construction of title and subject matter. *Morgan,* 48 N.W. at 317. "When the title of a legislative act expresses a general subject or purpose which is single all matters which are naturally and reasonably connected with it and all measures which will or may facilitate the accomplishment of the purpose so stated, are germane to its title." *Morgan,* 48 N.W. at 317. The provisions of an act must be "parts of it, incident to it, or in some reasonable sense auxiliary to the object in view." *Id.* at 317.

We find that H.B. 1344 does embrace only one subject—garnishment. Subsections 5, 8 and 9, which Williams contends are improper subject additions, are easily subsumed within the general subject of the bill. Sections 5 and 9 amend the extent by which a debtor's earnings are exempt from process or levy to the extent provided in SDCL 21–18–51 and 52. These sections involve garnishment proceedings. Section 8 amends SDCL 43–45–4 by deleting the reference to wage garnishment therein.

Clearly, these three disputed sections of H.B. 1344 (1) relate directly to the subject of garnishment, (2) have a natural connection to that subject, and (3) are not foreign to that subject as stated in the title. These sections of H.B. 1344 are an integral part of the garnishment process.

The second requirement that we must apply is that the subject shall be expressed in the title. The title "An Act to revise certain provisions relating to garnishment" is somewhat general in its treatment of the subject. The central question is: Does the title put a person on notice of a germane subject in the body of a statute? " 'When the title is general, as it may be, all persons interested are put upon inquiry as to anything in the body of the act which is germane to the subject expressed.' " *McMacken v. State*, 320 N.W.2d 131, 139 (S.D.1982) (quoting *Metropolitan Casualty Ins. Co. v. Basford*, 31 S.D. 149, 161, 139 N.W. 795, 799 (1913)). This title expresses the subject revision of certain provisions regarding garnishment. The sections referring to levy, exemptions from process and deletion of references to wage garnishment are a part of the entire subject of garnishment and any individual concerned with any aspect of garnishment, including these aspects, are put on inquiry that certain provisions relating to garnishment are to be amended.

H.B. 1344 is not in violation of Article III, section 21 of the South Dakota Constitution. H.B. 1344 concerns one subject—garnishment—which is sufficiently expressed it its title. The title of H.B. 1344 is adequate to put on notice all persons interested in any pertinent issues under the expressed subject.

Having examined all aspects of appellant's constitutional challenge, we conclude that the decision of the trial court should be affirmed.

Affirmed.

MILLER, C.J., and WUEST, SABERS and AMUNDSON, JJ., concur.