**CITY OF CHAMBERLAIN,**
Applicant and Appellee,

v.

**R.E. LIEN, INC., Appellant.**

No. 18370.

Supreme Court of South Dakota.

Argued March 23, 1994.

Decided Aug. 31, 1994.

Robert R. Schaub of Larson, Sundall, Larson, Schaub & Fox, Chamberlain, for applicant and appellee.

Ronald W. Banks of Banks, Johnson & Colbath, Rapid City, for appellant.

MILLER, Justice.

A trial court ruled SDCL 5–18–11, which requires public contracts include provisions from an AIA standardized form, and SDCL 21–25A–1, which enforces arbitration agreements, were unconstitutional delegations of municipal functions in violation of Article III, § 26, of the South Dakota Constitution. We affirm as to SDCL 5–18–11 and reverse as to SDCL 21–25A–1.

## FACTS

On October 26, 1991, R.E. Lien, Inc. (Lien) entered into a contract with the City of Chamberlain (City) for construction of water mains and sewer lines in a four-block area of main street. The contract incorporated by reference drawings and specifications prepared by Pierce & Harris Engineering, Co.

The project did not go well. Lien asserted that the plans were grossly inadequate as to existing utilities and resulted in cost overruns and delays. City claimed Lien's work was deficient and eventually ordered Lien off the job site. City then hired Morris, Inc. to complete the work.

When City refused to pay Lien the final contract price, Lien filed a demand for arbitration with the American Arbitration Association (Association). City claimed the contract contained no agreement to arbitrate, but Association declared it would proceed in the absence of a court order staying the matter. City then requested an order from the circuit court quashing and staying the arbitration proceedings.

On May 20, 1993, the circuit court issued an order quashing and staying the arbitration proceedings. It found SDCL 5–18–11 and SDCL 21–25A–1 compelled City to arbitrate under the American Institute of Architects' (AIA) standard form, thus violating Article III, § 26, of the South Dakota Constitution as a delegation of a municipal function. It ruled the statutes were unconstitutional. Lien appeals.[1]

## STANDARD OF REVIEW

The issue of the constitutionality of a statute is a question of state law and is reviewed de novo by this court. *In re K.O. Lee*, 489 N.W.2d 606 (S.D.1992).

To succeed in a constitutional challenge to a legislative act, the challenger must prove beyond a reasonable doubt that the legislature acted outside of its constitutional authority. *Associated Gen. Contractors of South Dakota, Inc. v. Schreiner*, 492 N.W.2d 916 (S.D.1992). We will review a law's constitutionality only when necessary for a determination upon the merits of a cause under consideration, and will first ascertain whether a construction of the statute, which avoids the constitutional question, is fairly possible. *State v. Big Head*, 363 N.W.2d 556 (S.D. 1985). This court will uphold legislative enactments unless they are clearly and unmistakably unconstitutional. *Oien v. City of Sioux Falls*, 393 N.W.2d 286, 289 (S.D.1986); *Matter of Certain Territorial Elec. Boundaries*, 281 N.W.2d 65 (S.D.1979); *Frawley Ranches, Inc. v. Lasher*, 270 N.W.2d 366 (S.D.1978); *County of Tripp v. State*, 264 N.W.2d 213 (S.D.1978).

## DECISION

I. *SDCL 5–18–11 Is An Unconstitutional Delegation of Municipal Authority.*

Municipalities in South Dakota have the freedom to enter into contracts for binding arbitration. *L.R. Foy Construction Co. v. Spearfish Sch. Dist.*, 341 N.W.2d 383 (S.D. 1983); *City of Hot Springs v. Gunderson's,*

---

1. City raises a number of issues in its brief on which it failed to file notice of review. Therefore, these issue are not properly before this court and will not be addressed. *A.L.S. Properties v. Graen*, 465 N.W.2d 783 (S.D.1991); SDCL 15–26A–22.

*Inc.,* 322 N.W.2d 8 (S.D.1982). The question in this case is whether a municipality is bound by an arbitration clause contained in a statutorily required standardized form.

■ Lien first claims this is an action for enforcement of a contract, not a question of creation of a contract. This claim evades the question; it is elementary that before a court may enforce a contract there must be a determination that a valid contract was created.

■ The contract between Lien and City contains no express provision agreeing to arbitration. Lien claims that because its contract with City incorporated by reference the drawings and specifications of an engineering firm, SDCL 5–18–11 mandates that the arbitration provisions of the AIA standard form automatically became part of the contract. SDCL 5–18–11 provides:

All contracts shall be made and set forth in writing and shall be signed on behalf of the public corporation by the proper officials thereof and with the formalities required by the governing statutes regulating the particular public corporation involved. The writing shall embody therein all of the terms and conditions of the contract, and, *when based upon plans and specifications prepared by an architect or engineer shall contain no general provisions at variance with the general conditions of the latest edition of the standard form of the American institute of architects,* except when in conflict with the laws of this state. (Emphasis added.)

The AIA general conditions contain the following provision mandating arbitration:

4.5.1 Controversies and Claims Subject to Arbitration. Any controversy or Claim arising out of or related to the Contract or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof[.]

City claims that SDCL 5–18–11 violates article III, § 26 of the South Dakota Constitution insofar as it delegates a municipality's authority to contract to a special commission, private corporation or association. The Constitution provides:

The Legislature shall not delegate to any special commission, private corporation or association, any power to make, supervise or interfere with any municipal improvement, money, property, effects, whether held in trust or otherwise, or levy taxes, or to select a capital site, or to perform any municipal functions whatever.[2]

This Court has previously addressed the constitutionality of statutes delegating municipal functions to a special commission, private corporation or association. In *City of Sioux Falls v. Sioux Falls Firefighters, Local 814,* 89 S.D. 455, 234 N.W.2d 35 (1975), we declared an entire chapter of the code, SDCL ch. 9–14A, unconstitutional as it unlawfully delegated to binding arbitration salary disputes between a municipality and its firemen and policemen. In a unanimous decision, this Court stated:

[T]he framers of our Constitution saw a need to "cure the evil" of interference with municipal functions by the legislature in this state. This court has previously determined the setting of salaries to be a legislative function of a city.... We hold, therefore, that under the language of Article III, § 26 of this state's Constitution, SDCL 9–14A–18 is clearly unconstitutional.

*Sioux Falls Firefighters,* 89 S.D. at 460, 234 N.W.2d at 37–38.

In an earlier case, citing the same constitutional provision, this Court found unconstitutional an ordinance passed by an initiative in Sioux Falls. The ordinance tied the future salaries of city firemen and policemen to a yearly wage scale formulated by trade unions and private contractors. *Schryver v. Schirmer,* 84 S.D. 352, 171 N.W.2d 634 (1969). We held, "it is unconstitutional because it delegates to private persons and agencies the absolute power to fix salaries

**2.** We note that repeal of this constitutional provision has twice been rejected by the voters of this state, once on November 5, 1974, and again on November 2, 1976.

and thus constitutes an unlawful delegation of legislative power." 84 S.D. at 358, 171 N.W.2d at 637.

This case goes far beyond what was found to be unconstitutional in *Sioux Falls Firefighters*. In that case, the municipal authority was delegated to a board, a sort of quasi "public commission" and the board's authority was limited to labor disputes and arbitration. 89 S.D. at 457, 234 N.W.2d at 36. Here, SDCL 5–18–11 delegates to the AIA, a private association, the power, through its standardized form, to thrust into a contract eighteen pages of small print containing the "general conditions of the contract for construction" and bind City to all the provisions. Although this dispute centers on the provision mandating arbitration, under the statute City would be bound by *all* AIA provisions as part of the contract unless it could prove a provision was "in conflict with the laws of this state."

This delegation by the legislature is clearly an unconstitutional interference with a municipal function in light of precedent in this state. City has met its burden of proving clearly and unmistakably that SDCL 5–18–11 violates the South Dakota Constitution when applied to municipalities.

II. *SDCL 21–25A–1 Is Not An Unconstitutional Delegation of Municipal Authority.*

 The trial court also found SDCL 21–25A–1 unconstitutional as authorizing arbitration when a party is a municipality. Lien asserts the statute is constitutional as it applies to a municipality. SDCL 21–25A–1 provides:

> A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract. This chapter also applies to arbitration agreements between employers and employees or between their respective representatives.

As previously stated, it is axiomatic that municipalities in South Dakota have the free-

dom to enter into contracts for binding arbitration. *L.R. Foy,* 341 N.W.2d 383; *Hot Springs v. Gunderson's,* 322 N.W.2d 8 (reversing trial court's denial of a motion to compel arbitration where city and construction company had entered valid contract requiring compulsory arbitration). As Justice Henderson explained concerning the Spearfish School District's right to bargain for arbitration: "These parties bargained for arbitration. There existed a freedom of contract between the parties. Neither party had to 'adhere' to entering into a contract calling for arbitration." *L.R. Foy,* 341 N.W.2d at 388 (Henderson, J. specially concurring).

SDCL 21–25A–1 does not violate Article III, § 26 of the South Dakota Constitution, as it does not delegate to any "special commission, private corporation or association" the municipal power to contract. However, the statute may not be used to enforce binding arbitration mandated by an unconstitutional delegation of municipal power.

We affirm the trial court's decision that SDCL 5–18–11 is an unconstitutional delegation of a municipal function in violation of Article III, § 26 of the South Dakota Constitution. We reverse the decision as to SDCL 21–25A–1.

WUEST, HENDERSON and AMUNDSON, JJ., concur.

SABERS, J., concurs in result in part and dissents in part.

SABERS, Justice (concurring in result in part and dissenting in part).

On Issue II, I concur in the result that SDCL 21–25A–1 is not unconstitutional.

I respectfully dissent on Issue I. The majority opinion incorrectly concludes that SDCL 5–18–11 is unconstitutional. Arbitration of contract disputes does not usurp a municipal function. No authority exists for the proposition that arbitration is a municipal function. "The purpose of arbitration is to permit a relatively quick and inexpensive resolution of contractual disputes by avoiding the expense and delay of extended court proceedings." *Azcon Const. Co. v. Golden Hills Resort,* 498 N.W.2d 630, 633 (S.D.1993)

**134**

(citation omitted). Arbitration places quasi-judicial authority in the hands of a neutral third-party. *See* SDCL ch. 21–25A; Julius G. Getman, *Labor Arbitration and Dispute Resolution,* 88 Yale L.J. 916, 932 (1979). An arbitrator is a "neutral person." *Black's Law Dictionary,* 105 (6th ed.1990). A municipality, as a party to a contract, could not be both arbitrator and one of the parties involved in a dispute. Also, the list of enumerated powers of municipalities does not include arbitration of disputes over contracts in which the City is a party. SDCL ch. 9–12.

The majority opinion incorrectly relies upon *City of Sioux Falls v. Sioux Falls Firefighters, Local 814,* 234 N.W.2d 35 (S.D. 1975). That case dealt with the setting of salaries by an arbitration panel, a function that had previously been deemed a municipal function by this court. *Id. See Schryver v. Schirmer,* 171 N.W.2d 634 (S.D.1969). Here, the City argues that the enforcement of contracts is a municipal function. However, the power to enter into a contract and the power to enforce it are entirely different than the power to determine, resolve or arbitrate through judicial or quasi-judicial means. In *Firefighters,* arbitration was attempted to *create* a contract between labor and the *City of Sioux Falls,* 171 N.W.2d 634, while here, arbitration would be used to settle a dispute concerning an *existing* contract.

The City also claims that arbitration is not mandatory under the AIA standard form. However, the AIA standard form clearly states that any dispute or controversy "shall" be settled by arbitration. The word "shall" means that arbitration is mandatory. Along with the right to enter into contracts comes the responsibility to be bound by the terms thereof. As noted earlier, the use of binding arbitration in settling contract disputes with private parties is not usurping a municipal function. SDCL ch. 9–12.

SDCL 5–18–11 should not be deemed unconstitutional. When considering the constitutionality of any statute there is a "presumption in favor of constitutionality and that presumption is not overcome until the unconstitutionality of the act is clearly and unmistakably shown and there is no reasonable doubt that it violates fundamental constitutional principles." *Accounts Management, Inc. v. Williams,* 484 N.W.2d 297, 299 (S.D.1992) (citations omitted). A challenger has the burden of proving that a statute violates a state constitutional provision. *Id.* (citation omitted). In this case, the City has not proven beyond a reasonable doubt that SDCL 5–18–11 is an unconstitutional usurpation of a municipal function. *See State v. Heinrich,* 449 N.W.2d 25, 27 (S.D.1989).

Therefore, SDCL 5–18–11 is not unconstitutional under these circumstances, and the provisions of the contract between the City and Lien should be enforced according to their terms.